UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br> v. <br><br> LUIS CASTRO, et al., <br><br> Defendant. | Case No.: 11-CV-05468-RMW <br><br> ORDER REQUESING SUPPLEMENTAL BRIEFING; SETTING HEARING ON DEFENDANT'S MOTION TO SET ASIDE DEFAULT <br><br> **[Re Dkt No. 18]** |

Plaintiff J & J Sports Productions, Inc. ("plaintiff") was granted the exclusive nationwide commercial distribution rights for the boxing match marketed as "Tactical Warfare: *Manny Pacquiao v. Antonio Margarito*, WBC Light Middleweight Championship Fight Program" (the "program"). On November 13, 2010, the program was allegedly intercepted and exhibited by defendant Luis Castro ("defendant") at his restaurant, Castro Bakery, in King City, California.

Plaintiff filed the instant action on November 10, 2011, alleging violations of: (1) the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605; (2) the Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553; (3) California Bus. & Prof. Code Section 17200, and; (4) California law against conversion. The certificate of service indicates that defendant was personally served on January 13, 2012. *See* Dkt. No. 9. However, defendant filed no answer. Plaintiff filed for an entry of default on February 15, 2012,

1  and the clerk entered default the next day. On February 23, 2012 plaintiff moved for default

2  judgment. On March 30, 2012 the court held a hearing on plaintiff's motion. Defendant appeared at

3  the motion hearing and was referred to the Federal Legal Assistance Self Help Center ("FLASH")

4  for assistance in filing a motion to set aside the entry of default, which he did on April 17, 2012.

5  Dkt. No. 18.

6        Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of

7  default for good cause." A good cause analysis under Rule 55(c) requires consideration of three

8  factors: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether

9  the defendant has a meritorious defense; and (3) whether reopening the default judgment would

10 prejudice the plaintiff. *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.* 375 F.3d

11 922, 925–26 (9th Cir. 2004). These factors are disjunctive, and the court may deny the motion if

12 any of the three factors is present. *Id.*

13       In his motion to set aside the entry of default, defendant asserts that "he had no reason to

14 believe that showing a pay-for-view fight without paying the commercial licensing fee was illegal."

15 Castro Decl., ¶ 7. Even if the court accepts this statement as true, it does not go to the issue of

16 liability under statutes, including those defendant is alleged to have violated, to which good faith is

17 not a defense. *J & J Sports Productions, Inc. v. Aviles*, 2011 WL 1884617, at *3 (N.D. Cal. May

18 18, 2011); *see Joe Hand Promotions, Inc. v. Easterling*, 2009 WL 1767579, at *4 (N.D. Ohio June

19 22, 2009). Thus, defendant's statement that he did not know his conduct was unlawful would not

20 provide a meritorious defense necessary to justify setting aside an entry of default.

21       However, because defendant has shown a willingness to litigate his case on the merits, the

22 court will allow him to submit supplemental briefing to allege the existence of a meritorious

23 defense, if any. As noted above, defenses that are founded on intent or motive are insufficient. A

24 meritorious defense in this context must "show facts or law in support of a viable defense." *TCI*

25 *Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001).

26       A motion hearing to consider defendant's motion to set aside the entry of default has been

27 scheduled for September 21, 2012. Should defendant want the court to consider argument on this

28 motion, he must submit supplemental briefing explaining any meritorious defenses he may have no

CVH      2
Case No.: 11-CV-05468-RMW
ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT

later than 30 days after the date of this order. Plaintiff may file a response to any further briefing no later than 10 days following the date of such filing by defendant. If no supplemental briefing is filed, the court will vacate the hearing and rule on the papers. Defendant is instructed to mail a copy of the supplemental briefing to the clerk of the court as well as to plaintiff.[1]

Dated:___July 23, 2012___    _____
RONALD M. WHYTE
United States District Judge

---

[1] Court's address: 280 S. 1st Street
         Courtroom 6 – 4th Floor
         San Jose, CA 95113