UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case No.: 11-CV-05468-RMW |
| Plaintiff, | ORDER SETTING ASIDE DEFAULT |
| v. | |
| LUIS CASTRO, et al., | **[Re Dkt No. 18]** |
| Defendant. | |

The instant motion challenges a default entered against defendant Luis Castro ("defendant") in February 2012. For the reasons below, the court grants defendant's motion to set aside default and vacates the September 21, 2012 motion hearing.

## I. BACKGROUND

Plaintiff J & J Sports Productions, Inc. ("plaintiff") was granted the exclusive nationwide commercial distribution rights for the boxing match marketed as "Tactical Warfare: *Manny Pacquiao v. Antonio Margarito*, WBC Light Middleweight Championship Fight Program" (the "program"). On November 13, 2010, the program was allegedly intercepted and exhibited by defendant at his restaurant, Castro Bakery, in King City, California.

Plaintiff filed the instant action on November 10, 2011, asserting violations of: (1) the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605; (2) the Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553; (3) California

1   Bus. & Prof. Code Section 17200, and; (4) California law against conversion. The certificate of

2   service indicates that defendant was personally served on January 13, 2012. *See* Dkt. No. 9.

3   However, defendant alleges that the complaint was served on one of his employees, that neither he

4   nor his employee speak English, and that he did not receive the complaint in time to file a response.

5   *See* Dkt. No. 18 at 2.

6   Plaintiff filed for an entry of default on February 15, 2012. The clerk entered default the

7   next day. On February 23, 2012 plaintiff moved for default judgment. On March 30, 2012 the court

8   held a hearing on plaintiff's motion. Defendant appeared at the motion hearing and was referred to

9   the Federal Legal Assistance Self Help Center ("FLASH") for assistance in filing a motion to set

10   aside the entry of default, which he did on April 17, 2012. Dkt. No. 18.

## II. ANALYSIS

12   Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of

13   default for good cause." A good cause analysis under Rule 55(c) requires consideration of three

14   factors: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether

15   the defendant has a meritorious defense; and (3) whether reopening the default judgment would

16   prejudice the plaintiff. *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.* 375 F.3d

17   922, 925–26 (9th Cir. 2004). These factors are disjunctive, and the court may deny the motion if

18   any of the three factors is present. *Id.* At the same time, courts are directed to be "solicitous

19   towards movants," particularly pro se litigants, and to deny a motion to set aside default only where

20   "extreme circumstances" exist. *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615

21   F.3d 1085, 1089 (9th Cir. 2010); *see also Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183,

22   1189 (9th Cir. 2009) ("As a general rule, default judgments are disfavored; cases should be decided

23   upon their merits whenever reasonably possible.").

24   With respect to a meritorious defense, defendant asserts that "he had no reason to believe

25   that showing a pay-for-view fight without paying the commercial licensing fee was illegal." Castro

26   Decl. ¶ 7. Defendant also alleges that he did not show the program at all. *See* Dkt. No. 23 at 2.

27   While there appears to be some dispute as to whether a defendant is liable under Sections 605 or

28   553 where he legally purchases programming from a cable operator but fails to obtain the proper

license, *compare J & J Productions, Inc. v. Schmalz*, 745 F. Supp. 2d 844, 850 (S.D. Ohio 2010) (denying motion for summary judgment where defendant bought pay-per-view program from cable operator on a commercial account but was charged a residential rate) *with J & J Sports Productions, Inc. v. Aviles*, 2011 WL 1884629, at *3 (N.D. Cal. May 28, 2011) (declining to set aside default where defense was based on good faith purchase because § 605 and § 553 are strict liability statutes), there is no question that defendant has a meritorious defense if he never showed the program. Given the preference to have issues decided on the merits, defendant's allegations are sufficient to find a meritorious defense. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001) (finding meritorious defense where litigation would "not be a wholly empty exercise").

The other two factors also support granting defendant's motion. Defendant alleges that he did not receive the complaint in time to file a timely response, does not speak English and learned of this litigation only upon receiving plaintiff's motion for default judgment. Dkt. No. 18 at 2. Further, defendant's appearance at the March 30, 2012 hearing shows a good faith effort to defend the case on the merits. The court therefore finds that defendant's conduct does not demonstrate culpability. *See TCI Group*, 244 F.3d at 699 (culpability exists only where "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond"). In addition, as there is no indication that defendant's delay will "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion," plaintiff will not be prejudiced if the default is set aside. *Id.* at 701.

### III. ORDER

Accordingly, defendant's motion to set aside default is granted. Defendant's answer is deemed filed. *See* Dkt. No. 17. The motion hearing scheduled for September 21, 2012 is vacated. A case management conference is scheduled for October 26, 2012 at 10:30 A.M.

It is so ordered.

Dated:_9/17/12_                                  _____
                                                 RONALD M. WHYTE
                                                 United States District Judge